325 So.2d 170

**Margaret Lorene HARVEY**

v.

**STATE DEPARTMENT OF PUBLIC SAFETY.**

Civ. 618.

Court of Civil Appeals of Alabama.

Dec. 3, 1975.

Rehearing Denied Jan. 7, 1976.

George S. Brown, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State Dept. of Public Safety.

WRIGHT, Presiding Judge.

This case arose out of an appeal to the Circuit Court of Jefferson County from a suspension of petitioner's driver's license. The circuit court granted defendant's motion to dismiss the appeal, grounding its dismissal on failure of petitioner to exhaust administrative remedies. Petitioner appeals from that order.

Petitioner received a letter dated January 17, 1975 from the Director of the Department of Public Safety, State of Alabama, informing her that her driving privileges would be suspended for 45 days beginning February 2, 1975. The reason cit-

ed for the suspension was refusal to submit to a chemical test for intoxication as required by Title 36, Section 154, Code of Alabama (1940).

Upon receipt of the notice, petitioner requested a hearing on the suspension as provided by Title 36, Section 154(d) of the Code. The record reflects that a hearing officer with the Driver License Division wrote to petitioner, setting a date and time for the hearing.

Petitioner appealed to the Circuit Court under subsection (e) of Section 154. In her notice of appeal she stated that a hearing was held, resulting in a decision upholding the suspension, and an order from the authorized agent of the Director of Public Safety that she surrender her license to him. In answer to the appeal the Director moved to dismiss the appeal, stating general grounds of want of jurisdiction. The court, after hearing, granted the motion on the ground that petitioner had failed to exhaust her administrative remedies. Petitioner was permitted to retain her license pending this appeal.

 In brief and at oral argument petitioner continued to submit that an administrative hearing according to Title 36, Sec. 154(d) was held, resulting in an order of suspension by the authorized hearing agent. Consequently, the administrative remedy for suspension afforded petitioner by Title 36, Sec. 154 was exhausted.

The Director in brief submits that no full administrative hearing was ever held and that no final order of suspension was entered as a result of such hearing. Consequently, administrative remedy was not exhausted.

We conclude that we are unable to reach a decision upon the issue presented by petitioner in her brief and oral argument under the state of the record.

The court entered judgment, stated therein to be after hearing. There is nothing in the record as to what the court heard. In the absence of any record showing what occurred or was presented to the court, we are bound to presume that the action of the court was correct. *Linderman v. Linderman*, 49 Ala.App. 662, 275 So.2d 342; *World Homes v. Wilson*, 54 Ala.App. 47, 304 So.2d 603. Error on appeal must be determined from the record. *Butler v. Olshan*, 280 Ala. 181, 191 So.2d 7; *Blair v. Williams*, 159 Ala. 655, 49 So. 71; Ala.Dig., Appeal & Error ⊗⊸901. This court cannot determine that the judgment of a trial court is erroneous when the judgment states it was made after hearing and the matters heard are not part of the record before us. We cannot depend upon conflicting statements of the parties in brief as to the basis of the ruling of the trial court. *Coleman v. Estes*, 281 Ala. 234, 201 So.2d 391.

Affirmed.

BRADLEY and HOLMES, JJ., concur.