The Circuit Court of Mobile County granted the defendant's motion to dismiss the plaintiff's cause of action. The plaintiff appeals, contending the trial court erred in granting defendant's Rule 12, ARCP, motion to dismiss for failure to state a claim upon which relief can be granted. We affirm.
The pertinent part of the defendant's motion to dismiss is as follows:
 "2. To dismiss the action on the ground that the subject matter of the Complaint and the prayer for recovery therein is embraced in motions pending before Honorable Michael E. Zoghby filed in Civil Action No. 84444-Z which such motions and other matters have been taken under submission by Judge Zoghby and not ruled on as yet and the basis of the Complaint covers the same subject matter."
At the outset, it is necessary to determine whether certain documents are properly before this court. Put another way, is Civil Action No. 84444-Z before this court for our consideration?
In July of 1977, the Honorable John E. Mandeville, the distinguished clerk of the Circuit Court of Mobile County, forwarded to this court a certificate of completion of the record on appeal. This record contained the plaintiff's complaint, the defendant's motion, and the trial court's order granting the motion to dismiss and other nonpertinent documents. Specifically, the record contained no documents pertaining to Civil Action No. 84444-Z. On August 4, 1977, the plaintiff-appellant filed her brief in this court. On August 24, the defendant-appellee *Page 716 
filed his brief in this court. Accompanying the defendant's brief was what the defendant termed an "appendix." This document contained documents relating to Civil Action No. 84444-Z. Needless to say, the defendant in brief argued that the trial court considered or took judicial notice of documents pertaining to Civil Action No. 84444-Z.
On September 7, 1977, the plaintiff-appellant filed with this court a motion to strike the defendant's hereinabove referred to "appendix." On September 14, this court denied plaintiff's motion to strike.[1] This motion was bottomed on the premise that the documents contained in the "appendix" were not properly before this court. Specifically, that Rule 30, ARAP, had in no way been complied with. After this court's action denying the motion to strike the "appendix", the plaintiff-appellant on September 28, 1977, filed with this court his own "appendix" which basically is the same matter contained in defendant's so-called appendix.
It is clear to this court that neither of the "appendices" are properly before this court. The matters contained therein are not contained in the record as forwarded to this court. Neither was any attempt made to comply with Rule 30, ARAP, regarding the use of an appendix. We therefore may not consider the matters contained therein as a part of the record. We regret this; however, we have no alternative.
It is equally as clear, from examination of the record, that the trial court did, by resorting to the legal principle of judicial notice, consider the matters contained in Civil Action No. 84444-Z.
The law in Alabama is settled in that when a party refers, in its pleadings, to another proceeding in the same court, that court may and should take judicial notice of the entire prior proceeding insofar as it is relevant to the question of law presented. See Butler v. Olshan, 280 Ala. 181, 191 So.2d 7
(1966).
The defendant, in his motion to dismiss, stated that the issue in the present suit was under submission in another case before the same court,. e., Civil Action No. 84444-Z.[2] In view of Butler v. Olshan, supra, the trial court was authorized and required to take judicial notice of the proceedings in Civil Action No. 84444-Z to determine if the same question of law was presented. We must, in view of the state of the record, assume that the trial court did take such notice and we thus come to the question of deciding whether the trial court erred in dismissing appellant's action.
In Butler v. Olshan, supra, the Alabama Supreme Court stated three conditions which must exist before an appellate court can take judicial notice of the record of other proceedings: (1) the pleading in the instant case must refer to the other proceeding; (2) the other proceeding must be of record in the trial court whose decree or judgment is the basis for the instant appeal; and (3) the prior proceeding must be of record in the appellate court in another appeal here or set out in the instant record.
As stated above, the pleadings in the instant case referred to the other proceeding and the other proceeding was of record in the trial court. The third requirement, as seen from the above, is lacking.
The record, or any other documents, in Civil Action No. 84444-Z is not before us in the record on a prior appeal or, as stated earlier, in the instant appeal. For that reason, we cannot judicially know whether the proceeding in Civil Action No. 84444-Z is or is not res judicata of the issues presented in plaintiff-appellant's present complaint. *Page 717 
It is axiomatic that error may not be presumed. See Lee v.Lee, 283 Ala. 275, 215 So.2d 718 (1968). The party complaining of error in a judgment must show such error affirmatively on appeal; otherwise, the presumption must be that the decision of the trial court is correct. See Butler v. Olshan, supra.
Plaintiff-appellant is the party alleging error in the trial court's action granting the motion to dismiss and he has the burden of revealing to this court such error. Put another way, from the state of the record (pleadings), it is incumbent on the plaintiff-appellant to have before this court evidence which shows that the trial court erred in finding Civil Action No. 84444-Z res judicata to the present case. Specifically, Civil Action No. 84444-Z must be properly before this court.See Butler v. Olshan, supra.
Summarizing, this court, on appeal, can only determine error which appears on the record. See Harvey v. State Department ofPublic Safety, 56 Ala. App. 660, 325 So.2d 170 (1975). We must assume that the trial court took judicial notice of the proceedings in Civil Action No. 84444-Z. Those proceedings are not properly before this court. We must therefore assume those proceedings support the ruling of the trial court. See Cordellv. Poteete, 57 Ala. App. 645, 331 So.2d 400 (1976); Butler v.Olshan, supra.
We would be remiss in not commenting that it is the policy of the Court of Civil Appeals to decide cases on their merits. However, as seen from the above, we are not, in this instance, able to do so. Quite frankly, it would have been less burdensome on the court to have been able to decide the matter on its merits.
The case is due to be and is accordingly affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] This court in denying the motion to strike did not state the reason for so doing. However, the basis for our action was that when considering the appeal on its merits we would consider only those items properly in the record.
[2] A defense of res judicata can be properly raised by a Rule 12 motion to dismiss for failure to state a claim upon which relief can be granted. See 5 Wright Miller, Federal Practiceand Procedure, § 1357 pp. 608-9, and Lyons, Alabama Practice, Vol. 1, p. 175.