WRIGHT, Presiding Judge.
Defendant appeals from the denial of a motion for new trial.
Plaintiff brought suit on account for an unpaid insurance premium. Defendant counterclaimed for breach of an agreement to insure. The complaint and counterclaim were brought to issue and set for trial by jury. Defendant and counterclaimant moved for and was granted a continuance to the next scheduled docket.
At the next setting, on January 24, 1978, the record contains a judgment entry by default after jury verdict in favor of plaintiff and dismissal of defendant’s counterclaim for want of prosecution. Such entry was made in accordance with Rule 55(b)(2), ARCP, after defendant failed to appear for trial.
Defendant thereafter on February 3, 1978, filed a motion for new trial. Such motion is not proper procedure in this case, but it is being considered by this court as a motion to set aside the judgment by default under Rule 55(c), ARCP.
The motion alleges three grounds, all of which complain that defendant was not given timely and proper notice of the taking of the judgment. The argument in brief of defendant-appellant charges that the trial court abused its discretion in denying a continuance and a new trial. There is a statement of facts in the brief but no transcript of evidence taken on the hearing of the motion nor affidavits in support thereof. Thus the statement of facts is not supported by a record. This court has noth- *605 mg before it to review in support of defendant’s argument. Whether a trial court abused its discretion is a matter to be determined in light of the events at the time. There being no record of the matters before the trial court at the time of its consideration of and ruling upon the motion, this court must presume its action to be correct and affirm its judgment. Logan v. O’Barr, 271 Ala. 94, 122 So.2d 376 (1960); Harvey v. Department of Public Safety, 56 Ala.App. 660, 325 So.2d 170 (1976).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.