The plaintiff appeals from dismissal of her claims for breach of contract, trespass and fraud. We reverse on the contract and fraud claims, and remand. *Page 110 
The second amended complaint alleges that the plaintiff, Ouida Martin, had insurance on her home with the defendant, Fidelity Casualty Company of New York. On September 23, 1975, Hurricane Eloise damaged her home. The complaint goes on to read as follows:
 "(6) That within a period of a few days an adjuster from the Defendant, Underwriters Insurance [Adjustment] Company, appeared at Plaintiff's home and with a contractor surveyed the damage to the premises and particularly to the roof of said house. That thereafter the Defendants caused to appear at this residence workmen for the contractor provided by the said insurer, or his adjuster, Underwriters, and work began immediately on the roof of the house, and other areas of the structure that were damaged. That the plaintiff was given no choice or discretion in the employment or selecting of a contractor or workman to reroof her home that had been damaged as aforestated.
 "(7) That after the repairs were purportedly finished, there were certain apparent defects that the Plaintiff called to the agent's attention and these apparent defects were in due course corrected and the Plaintiff assumed that the roof on her home had been installed in a proper and workman-like manner and would, therefore be wind and water proof.
 "(8) That the Defendant, Fidelity Casualty Company of New York, breached its contract with Plaintiff in that it permitted its agent, Underwriters Adjudgment [sic] Company, for whose acts it was responsible, to employ a contractor to re-roof Plaintiff's home who knew or should have known, that said contractor was violating every approved method of properly and in a workman-like manner installing a new roof that would be wind and water proof, and that it in fact employed a contractor who it knew was installing the roof in an unworkman-like and negligent manner that would not properly shield the Plaintiff's home from the elements. The Defendants, and each of them, further knew that its contractor was re-roofing the home in such a manner that it was impossible for the Plaintiff to know of the penetration of the elements into the immediate under-structure and Defendant's said contractor was installing a roof that would cause and did cause the utter destruction of many of the rafters, studs, framing and other materials under the roof but not discoverable from an outside view of said roof by the Plaintiff.
 "That it was not until June 1981, that the said understructures of rafters, studs, framing and other materials under the improperly installed installed [sic] roof were discovered by the Plaintiff due to the commencement of signs of deterioration that could be seen by the layman's eye and then, and only then, did she know or could she as a layman have known, of the improperly installed roof with its attendant failure to shield her home from the elements. That the Defendant, Fidelity Casualty Company, and United Underwriters Company as their agent, breached the contract with the Plaintiff by failing to pay the Plaintiff for the damages that had been caused by the aforementioned hurricane, or in the alternative, to re-roof the Plaintiff's home in a workman-like manner, and in refusing to give Plaintiff any choice in the matter.
 "(9) That the Defendants committed an act or acts of fraud upon the Plaintiff in that they with full knowledge, had or caused a faulty and improperly installed roof to be applied to Plaintiff's home as aforedescribed with the intent to defraud Plaintiff of a contractor to install a proper roof and with an improperly installed roof which they knew would cause Plaintiff's home to be unduly exposed to the elements, all done with the intention to defraud the Plaintiff.
 "(10) That the Plaintiff has requested of the Defendants since her discovery of the damages to repair and renovate the major destruction that has been caused by their negligent procuring of a contractor that so improperly re-roofed Plaintiff's home, but they have constantly and continually refused to do so." *Page 111 
The plaintiff sought $10,431.60 in compensatory and $25,000.00 in punitive damages. The defendants moved to dismiss on the ground of failure to state claims upon which relief could be granted and the statute of limitations. The trial court granted the motion without opinion.
"The well-understood position of an appellate court reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief. Rule 12, ARCP, and commentary." Jones v. Lee County Commission,394 So.2d 928, 930 (Ala. 1981). Cf. Lloyd v. Community Hospital ofAndalusia, Inc., 421 So.2d 112 (Ala. 1982). However, it is for the plaintiff and not the court to articulate the claims forming a basis for relief. "The liberalized rules of procedure have not eliminated pleadings as the principal means by which parties themselves choose the issues which they wish to litigate." Zeigler v. Baker, 344 So.2d 761, 763 (Ala. 1977).
Some confusion exists as to exactly what claims the plaintiff is asserting. The complaint is captioned "Second Amended Complaint For Breach Of Contract and Fraud." However, in brief the appellant argues that the complaint also includes a claim for "negligent trespass, i.e. a direct trespass quare clausumfregit." The defendants in their brief assume that the plaintiff is attempting to allege either trespass or negligence (trespass on the case) and then argue that no claim is stated for trespass and that the statute of limitations bars any claim for negligence. We conclude that the plaintiff has not asserted a claim for negligence because of language in her brief that the action complained of "is a trespass against the property and not one on the case." However, we will consider the plaintiff's trespass claim, since the defendants have apparently waived any contention that this claim was not raised in the lower court.
It is clear that the allegations of breach of contract are sufficient to state a claim under Rule 12 (b)(6), Alabama Rules of Civil Procedure. Fidelity argues that "the plaintiff has stated no factors or circumstances which would impute any negligence on the part of the unidentified contractor to this defendant." However, the complaint specifically alleges that the contractor was employed by Underwriters acting as agent for Fidelity. That the contractor was not identified is irrelevant at this stage in the proceedings.
The allegations of the complaint are insufficient to establish trespass as claimed here. "[A]n action for trespassquare clausum fregit will not lie unless plaintiff's possession was intruded upon by defendant without his consent, even though consent may have been given under a mistake of facts, or procurred by fraud, or unless he entered under a license for some particular purpose and went beyond that purpose."Alexander v. Letson, 242 Ala. 488, 492, 7 So.2d 33 (1942). The allegations here establish only that Mrs. Martin did not consent to the particular contractor used by the defendants. There is no suggestion that she did not consent to the entry on her property for purposes of repairing her house.
As to the fraud claim, the defendants correctly argue that allegations of breach of the insurance contract do not themselves state a claim for fraud. However, the complaint includes additional allegations that the defendants intended to defraud Mrs. Martin and that they knew the contractor was doing defective work in a manner that would not soon be discovered. Although the plaintiff does not say in so many words that she was damaged as a proximate result of her reliance on the defendant's intentional misrepresentation or concealment of material facts, see Roberts v. Carroll, 377 So.2d 944, 946
(Ala. 1979), these elements of fraud are each discernable in the facts alleged. Accordingly the complaint states a claim for fraud.
The remaining question is whether the fraud claim is barred by the statute of limitations. For fraud the limitations period is one year from the date the fraud was discovered or should have been discovered. *Page 112 
Code of Ala. 1975, § 6-2-3. The defendants contend that the plaintiff has not pleaded the facts and circumstances of the discovery of the fraud with the specificity required by Amasonv. First State Bank of Lineville, 369 So.2d 547, 550-51 (Ala. 1979), and Russell v. Maxwell, 387 So.2d 156, 159 (Ala. 1980). We disagree. The complaint explains that the internal deterioration caused by the defective repairs did not become visible to the plaintiff's untrained eyes until June 1981. The complaint also alleges in paragraph (7) that the plaintiff assumed the work was completed after certain "apparent defects" were repaired at the time of the original work. These allegations sufficiently explain the plaintiff's position that she had no reason to know earlier about the alleged fraud. Accordingly the fraud claim cannot be dismissed at this stage in the proceedings on the ground of the statute of limitations.
We hold, then, that the plaintiff has stated claims for breach of contract and fraud that are not barred by the statute of limitations. For these reasons the order of dismissal must be, and is, affirmed in part and reversed in part, and the case is remanded for further proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.