Plaintiff appeals from an order granting the Defendants' motion to dismiss. Plaintiff's complaint, as amended, alleges defamation for publication of the following statement:
 "An Andalusia man died late Saturday night from wounds he received when a lone gunman burst into his home and opened fire with a shotgun."
We affirm.
Admittedly, under our liberal "any discernable circumstances" rule for testing the propriety of an order granting or denying a motion to dismiss (Carter v. Calhoun County Board ofEducation, 345 So.2d 1351 (Ala. 1977)), this is a close case. Ordinarily, the statement of almost any cognizable tort claim, under our practice of notice pleading, will withstand a motion to dismiss; and almost invariably the trial judge is well *Page 113 
advised to allow the case to proceed at least to a summary judgment posture before determining the viability of any alleged claim.
Nonetheless, when the complaint is devoid of averments of the requisite elements of any legal claim upon which plaintiff might be entitled to relief, the motion is to be granted.
 "`[I]t is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery.'" Thurston v. Setab Computer Institute, 48 F.R.D. 134, 135 (D.C.N.Y. 1969), quoting Eli E. Albert, Inc. v. Dun Bradstreet, Inc., 91 F. Supp. 283, 284
(D.C.N.Y. 1950), and J. Moore, Moore's Federal Practice, at 1653 (2d ed. 1948).
See, also, Sutton v. Eastern Viavi Co., 138 F.2d 959, 960 (7th Cir. 1943) (no claim for relief stated if an averment necessary to establish the wrong has been omitted). Cf., Martin v.Fidelity Casualty Company of New York, 421 So.2d 109 (Ala. 1982).
We find that the trial court did not err in dismissing the Plaintiff's complaint. While the identification of the Plaintiff as the person allegedly defamed may be inferred, in many cases, from the totality of the circumstances, just the contrary result obtains here. If Plaintiff's allegations of falsity pertain to that portion of the statement charging "a lone gunman burst into his home" (i.e., if Plaintiff is saying that he was not that person), then the statement was not made concerning the Plaintiff. If, on the other hand, the Plaintiff is the person who shot the victim, we are left to discern some other circumstance under which Plaintiff may seek recovery for the alleged defamation.
We hold that our discernment of any circumstances supportive of a cognizable claim must find some reasonable basis in the Plaintiff's statement of his claim. To be sure, we could speculate that perhaps the Plaintiff is claiming that the alleged falsity lies in Defendants' statement that the one who entered the victim's home was a "lone" gunman, when in fact more than one gunman entered the victim's home; or that the statement falsely implies that the Plaintiff entered the victim's home as a stranger and killed him without cause or excuse, when in fact he knew the victim and the shooting occurred under extenuating circumstances. But these speculations are not supported by Plaintiff's statement of the claim, nor can we find in the pleading any reasonable basis for the discernment of any circumstances supportive of a cognizable legal claim upon which relief can be granted.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.