EDWARD N. SCRUGGS, Retired Circuit Judge.
A post-judgment order overruling a civil Rule 60(b) motion is here involved.
The defendant, Mr. Brown, purchased a boat, motor and trailer from a third party seller and secured the balance due upon the purchase price by a combined note and security agreement which was assigned by the seller to the plaintiff.
The plaintiff sued the defendant upon the note as well as for the possession of the boat, motor and trailer, the security for the indebtedness. Among the defenses raised by the defendant in his answer was that the security agreement had been altered, that it was not the contract agreed to by the defendant and that it “does not transfer to the defendant the property sold to him.”
On April 18, 1983, by a signed written agreement, it was contracted for and on behalf of the parties that the plaintiff be issued a consent judgment for the return of the boat, motor and trailer “made the basis of this lawsuit, which are in the possession of or under the control of” the defendant or its alternate value of $3,000 and an attorney’s fee of $450. One of the terms of that agreement was that all pending claims or those matters which could have been asserted between the plaintiff and the defendant were terminated. Execution or writ of seizure was stayed for ninety days, within which time the defendant was authorized to satisfy the judgment in full by paying $2,500 to the plaintiff. On April 18, 1982, the circuit court approved that agreement and ordered that its terms be adopted and made the judgment of the court.
On May 17, 1983, the defendant filed, and the trial court overruled, a motion to set aside the consent judgment. The sole ground of the motion was that “[T]he wrong boat, motor and trailer was sold and transferred to the defendant and plaintiff has not attempted to remedy these defects as promised.”
The defendant filed a motion on July 18, 1983, under Rule 60(b) of the Alabama Rules of Civil Procedure. It alleged, in substance, that there were variances in the description of the property as contained in the bill of sale received by the defendant from the seller and as set forth in the respective copies of the security agreement of the defendant and of the plaintiff; that when the parties entered into the settlement agreement of April 18, 1983, the plaintiff promised the defendant that the plaintiff would contact the seller and obtain correct descriptions of the property; that, in reliance thereon, the defendant entered into the settlement agreement and that the plaintiff failed to keep its promises in that regard, hence the final judgment should be set aside as being null and void. The trial court denied that motion on July 19, 1983. The same trial judge entered the consent judgment of April 18, 1983, overruled the motion to set aside the consent judgment on May 17, 1983, and overruled the 60(b) motion on July 19, 1983. The defendant appealed from all three of those rulings on August 29, 1983.
As to the April 18 consent judgment and the May 17 order, the time for taking an appeal from those judgments had expired at the time the notice of appeal was filed on August 29. Rule 4(a)(1), (3), A.R. A.P. The forty-two days’ time within which to take an appeal may not be extended by the utilization of a Rule 60(b) motion. Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App.1978), cert. denied, 365 So.2d 985 (Ala.1979). However, the denial of a Rule 60(b) motion to set aside a final judgment is a final order and is appealable. Terry v. Frisbee, 404 So.2d 345 (Ala.Civ.App.), cert. denied, 404 So.2d 347 (Ala.1981). Accordingly, we may not review the correctness of the underlying consent judgment dated April 18, 1983, nor matters which were properly reviewable by appeal from the May 17, 1983 judgment overruling the de *777 fendant’s motion to set aside the consent judgment. On this appeal, we are limited solely to a determination of whether the trial court abused its discretion in its July 19, 1983 judgment in denying the Rule 60(b) relief. City of Daphne v. Coffey, 410 So.2d 8 (Ala.1982).
In their settlement agreement, the parties consented to a judgment in favor of the plaintiff for the boat, motor and trailer then in the defendant’s possession. He was to return to the plaintiff the boat, motor and trailer which were then possessed by him, or pay the alternate value thereof or the lesser amount if paid within ninety days. No uncertainty was raised by the 60(b) motion as to the identity of those items which were possessed by the defendant at that time. Accordingly, the motion in that respect is not an attack upon the consent judgment itself. Rather, it raises as an issue a matter which went beyond or behind the written agreement of the parties. The agreement expressly settled all asserted or nonasserted matters between the parties. If they desired a binding agreement as to the alleged promise of the plaintiff to contact the seller and obtain the correct descriptions of the secured property, a provision to that effect should have been placed in the contract and, in its absence, the parol evidence rule would apply. If we assume that the parties made such an oral contract as is alleged in the 60(b) motion, no evidence thereof could have been received by the trial court to explain, contradict, add to or subtract from the terms of the written agreement of the parties that the consent judgment be rendered. Sanders v. Sanders, 425 So.2d 476 (Ala. Civ.App.1983). No issue is raised of mistake, fraud or ambiguity regarding the contract.
It is also worthy of note that the questions presented by the 60(b) motion were substantially raised by the defendant’s answer to the plaintiff’s complaint and by his May 17, 1983 motion to set aside the consent judgment. The 60(b) motion was just more explicit. The agreement expressly provided for the termination of all pending claims as well as those which could have been asserted between the parties. An appeal could have been taken within forty-two days of the overruling of the May 17 motion which, along with the defendant’s answer to the complaint, substantially raised the same problem as did the 60(b) motion. However, an appeal was not timely attempted. A Rule 60(b) motion cannot take the place of an appeal and is not available to relieve a party from his choice and decision not to appeal from a final judgment. Hobbs v. Hobbs, 423 So.2d 878 (Ala.Civ.App.1982).
The consent judgment was not void as was alleged in the 60(b) motion, since the trial court had jurisdiction over the parties as well as over the subject matter. Raine v. First Western Bank, 362 So.2d 846, 849 (Ala.1978).
For aught that appears in the defendant’s 60(b) motion, concerning the boat, motor and trailer which were actually received by the defendant, title thereto passed from the seller to the defendant at the time those items were physically delivered to the defendant by the seller, despite the reservation of a security interest therein in the seller. § 7-2-401(2), Code of Alabama 1975. When the defendant consented to the final judgment, he possessed the boat, motor and trailer. We have been uninformed as to why he could not or cannot obtain the serial numbers from the boat, motor and trailer if he desires that information so as to obtain the exact description of the property as to which title passed to him upon delivery from the seller.
We find no abuse of the discretion of the trial court in overruling the defendant’s Rule 60(b) motion. The facts of record are not so extraordinary as to require that the final judgment which was entered by the consent of the parties be set aside under any of the allegations of the defendant’s 60(b) motion. Webb v. Galloway, 442 So.2d 53 (Ala.1983).
*778 The trial court’s order of July, 1983, which denied the defendant's Rule 60(b) motion, is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.