EMBRY, Justice.
Linda B. Day appeals from the judgment dismissing her counterclaim to the following complaint:
“FIRST CAUSE OF ACTION
“The Plaintiff claims of the Defendants the following personal property, to-wit:
“One (1) 1976 Audi Model #810193, 4S, VIN NO. 8161019222 together with the value of the use or the hire thereof from the date of detention, to-wit: December 5, 1983.
“WHEREFORE, Plaintiff demands judgment against Defendants for recovery of the property, or, in the alternative, *638 the value thereof and damages for detention.
“SECOND CAUSE OF ACTION
“1. Defendant, LINDA B. DAY, on or about October 22, 1982, executed and delivered to Plaintiff a promissory note, a copy of which is hereto annexed as Exhibit A.
“2. Defendant, LINDA B. DAY, owes to the Plaintiff EIGHT HUNDRED SIXTY-SIX AND 31/100 ($866.31) DOLLARS, the balance due on said note with interest.
“WHEREFORE, Plaintiff demands judgment against Defendant, LINDA B. DAY, for the sum of EIGHT HUNDRED SIXTY-SIX AND 31/100 ($866.31) DOLLARS, plus interest, attorney’s fee and costs, as provided in Exhibit A.”
The answer and counterclaim of Day read as follows:
“ANSWER
“NOW COMES, the Defendant, by and through undersigned counsel and would in answer to the Complaint herein deny all material allegations and demand the strictest proof thereof.
“COUNTERCLAIM
“NOW COMES, the Defendant, by and through undersigned counsel and file this the Defendant Counter Claim against the Plaintiff and for good cause show unto the Court, to-wit:
“I
“That the Plaintiff agreed to re-instate said loan and that said breach of contract.
“WHEREFORE, PREMISES, CONSIDERED, the Defendant demands judgment of and from the Plaintiff in the sum of TWO THOUSAND ($2,000.00) DOLLARS in compensatory or exemplary damages plus all costs, Attorney’s fees, and interest herein.
“II
“That the Plaintiff owed the Defendant a fiduciary duty to account for the funds of the Defendant and that said Defendant did fail to account for said funds.
“WHEREFORE, PREMISES, CONSIDERED, the Defendant demands judgment of and from the Plaintiff in the sum of TWO THOUSAND ($2,000.00) DOLLARS and FIVE THOUSAND ($5,000.00) DOLLARS in compensatory, punitive or exemplary damages plus all costs, attorney fees, and interest herein.
“HI
“That the Plaintiff did intentionally, inquire the Credit History of the Defendant without cause or justification, and with full knowledge
“TRIAL BY JURY
of that said account was in dispute.
“WHEREFORE, PREMISES, CONSIDERED, the Defendant demands judgment of and from the Plaintiff in the sum of SEVEN THOUSAND ($7,000.00) DOLLARS and FIVE THOUSAND ($5,000.00) DOLLARS in compensatory, punitive or exemplary damages plus all costs, attorney fees, and interest therein.”
The bank then filed its motion to dismiss:
“MOTION TO DISMISS
“Comes now the Plaintiff, Amsouth Bank, N.A., by and through its attorney of record, Janella J. Wood, and moves this Honorable Court for an order dismissing its Complaint and the CounterClaim of the Defendant, and as grounds therefor shows unto the Court as follows:
“1. Subsequent to filing of the Complaint and service of process on the Defendant, the Defendant, by and through her attorney, S. Robert Brooks, III, paid the balance due on the promissory note, *639 the subject of said Complaint, and is no longer indebted to the Plaintiff.
“2. The Counter-Claim of the Defendant is without merit and fails to state a claim for which relief may be granted,
“(a) Plaintiff denies the allegations of Number I of the Defendant’s Counter-Claim and demands strict proof thereof.
“(b) Number II and III of Defendant’s Counter-Claim fail to state any facts to show wrongful or vexatious actions of the Plaintiff for which relief could be granted.”
Day’s brief is as follows:
ARGUMENTS
“I. The Counterclaim is not due to be dismissed.
“The Alabama Rules of Civil Procedure provide that a pleading which sets forth a claim for relief shall contain a short plain statement showing that the pleader is entitled to relief and ... a demand for judgment. Rule 8(a) Alabama Rules of Civil Procedures.
“The counterclaim clearly states several causes of action and complies with Rule 8(a), supra. Dunson v. Friedlan-der Realty, 369 So.2d 792 (Ala.1979).
“A Motion to dismiss for failure to state a claim for relief should seldom be granted and should only be granted when it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Emphasis added.) See Jones v. Lee County Comm’n, 394 So.2d 928 (Ala.1981). See also Roberts v. Meeks, 397 So.2d 111 (Ala.1981), Holley v. St. Paul Fire & Marine Ins. Co., 396 So.2d 75 (Ala.1981); Briggs v. Woodfin, 395 So.2d 1024 (Ala.Civ.App.1981).
“Indeed it has been noted that the statement of almost any cognizable tort claim will withstand a motion to dismiss. See Lloyd v. Community Hospital of Andalusia, 421 So.2d 112 (Ala. 1982).
“CONCLUSION
“The Counterclaim is not due to be dismissed in that it states at least one cause of action.
“WHEREFORE, PREMISES CONSIDERED, the Appellant would pray that this would be reversed and remanded to the Circuit Court of Mobile County.”
The learned trial judge was correct in dismissing the counterclaim. We can discern no provable set of facts under any cognizable theory of law that would entitle Day to recover under the allegations of her counterclaim.
As stated by my brother Justice Jones in Llyod v. Community Hospital of Andalusia, Inc., 421 So.2d 112 (Ala.1982), in affirming dismissal of the complaint:
“Nonetheless, when the complaint is devoid of averments of the requisite elements of any legal claim upon which plaintiff might be entitled to relief, the motion is to be granted.
“ ‘ “[I]t is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery.” ’ Thurston v. Setab Computer Institute, 48 F.R.D. 134, 135 (D.C.N.Y. 1969), quoting Eli E. Albert, Inc. v. Dun & Bradstreet, Inc., 91 P. Supp. 283, 284 (D.C.N.Y.1950), and J. Moore, Moore's Federal Practice, at 1653 (2d ed. 1948).”
The judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.