ROBERTSON, Presiding Judge.
The record reflects that a judgment for $3,450 against James W. Brewer and in favor of Commercial Credit Corporation was entered on April 18, 1983. This judgment was not timely appealed; however, this court reviewed and affirmed the denial of Brewer’s Rule 60(b), Alabama Rules of Civil Procedure, motion to set aside the consent judgment. Brewer v. Commercial Credit Corp., 447 So.2d 775 (Ala.Civ.App.1984).
Another order was entered by the trial court in this case on June 19, 1984, and, thereafter, our supreme court affirmed that judgment of the trial court in Brewer v. Commercial Credit Corp., 466 So.2d 128 (Ala.1985). This appeal is from a later order entered by the trial court granting a motion to condemn and disburse garnished funds. Brewer appears to argue that the garnishment was illegal and void because the garnishee’s name on the garnishment was “James E. King Produce & Company,” instead of its incorporated name “James E. King Produce Company, Inc.” The garnishee’s answer was filed on behalf of “James E. King Produce,” was signed by James E. King, and stated that Brewer was employed by it. Brewer also contends that he had no notice of the garnishment, and, therefore, was not afforded due process.
After careful review of the scant record before this court, we cannot hold that the trial court’s judgment is due to be reversed.
This court can only determine error on appeal which appears from the record, not from the appellant’s briefs. See Slepian v. Slepian, 355 So.2d 714 (Ala.Civ.App.1977); Harvey v. State Dep’t of Public Safety, 56 Ala.App. 660, 325 So.2d 170 (1975).
AFFIRMED.
THIGPEN and YATES, JJ., concur.