ROBERTSON, Presiding Judge.
This is an appeal from a denial of relief under Rule 60(b)(6), Alabama Rules of Civil Procedure.
On July 11, 1990, Altus Bank (Altus) named Altharis L. Threatt (appellant) and her husband, Arthur Threatt, as co-defendants in an action for money allegedly owed to Altus under contract and open account. Altus claimed that, due to an accounting error, it had overpaid the Threatts in the amount of $10,000 when their joint certificate of deposit account with Altus was closed and that the Threatts had refused to return the overpayment after receiving notice of the error.
The appellant was served with a summons and a complaint on August 3,1990, and Altus on September 13, 1990, applied for an entry of default and a default judgment, supporting its application with an affidavit. The trial court entered a default judgment against the appellant in the amount of $10,000.
Service was perfected on Arthur Threatt on March 22, 1991, by way of an alias summons and complaint. Arthur Threatt answered Altus’s complaint on April 15, 1991, and the trial court set his case for trial. Following an ore tenus proceeding on October 15, 1991, judgment was entered in favor of Arthur Threatt.
The record reflects that on June 25, 1992, Altus obtained, by way of an order of garnishment, $12,428.47 in satisfaction of the default judgment previously entered against the appellant.
On July 6, 1992, the appellant filed with the trial court a Rule 60(b)(6), A.R.Civ.P., motion, requesting that the court set aside the September 13, 1990, default judgment entered against her, as well as the subsequent order of garnishment. The appellant maintained that she and her husband were sued by Altus based on identical facts and identical theories of recovery premised on joint liability and that, therefore, the trial court’s October 15,1991, judgment in favor of her husband effectively exonerated her of all liability to Altus. She argued that allowing the default judgment and order of garnishment to stand against her would have the effect of producing inconsistent judgments' against multiple defendants in eases arising from identical facts.
The appellant’s motion for relief under Rule 60(b)(6) was denied, and she appeals’ to this court.
In support of her motion for relief from the default judgment and the order of garnishment which followed from that judgment, the appellant cites Aetna Casualty & Surety *929 Co. v. McIntyre, 555 So.2d 87 (Ala.1989), and Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), for the proposition that “ ‘a default judgment may not. be entered against one of several defendants (1) where the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be effective, it must be granted against each and every defendant.’ ” Aetna Casualty & Surety at 88 (quoting 6 J. Moore’s Federal Practice ¶ 55.06 (2d ed. 1988)).
We have reviewed the record before us and find that the appellant has offered no more than an assumption that, as a matter of law, there is no basis for her liability to Altus simply because Arthur Threatt was adjudged not to be hable. Likewise, there is no evidence in the record demonstrating that this case was one involving “true joint liability.” The transcript of the testimony from Arthur Threatt’s trial is not included in the record. Nor is there any agreed-to statement of the evidence pursuant to Rule 10(d), A.R.App.P. While the appellant contends and argues by way of her brief that the evidence presented at her husband’s trial exonerated her as well as her husband, we are unable to determine as much from the record before us.
This court can only determine error on appeal which appears from the record, not from the appellant’s brief. See Slepian v. Slepian, 355 So.2d 714 (Ala.Civ.App.1977); Harvey v. State Dep’t of Public Safety, 56 Ala.App. 660, 325 So.2d 170 (1975).
Relief under Rule 60(b)(6) is an extraordinary remedy, permitted only in exceptional circumstances where a party can show sufficient equitable grounds for such relief. Reese v. Robinson, 523 So.2d 398 (Ala.1988). Also, the decision to grant or deny a Rule 60(b)(6) motion is within the sound discretion of the trial court, and the trial court will not be reversed except for an abuse of that discretion. Palmer & Cay/Carswell, Inc. v. Reed, 535 So.2d 187 (Ala.Civ.App.1988).
Since the record fails to reflect that this case involves “true joint liability” or that the evidence at the appellant’s husband’s trial exonerated the appellant also, we cannot hold that the trial court committed an abuse of discretion in its denial of the appellant’s Rule 60(b)(6) motion. We note that the trial judge who presided over Arthur Threatt’s trial was the same trial judge who denied appellant’s Rule 60(b)(6) motion.
The trial court’s judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.