MONROE, Judge.
On February 24, 1998, Emerald Mitchell, Thomas Hubbert, Janice Hubbert, Mark Wicker, Andy Smith, Susan Smith, Randy Walker, Barbara Walker, Robert Byrd, and Geraldine Byrd (hereinafter collectively referred to as “Mitchell”) sued Golden Poultry, Inc., alleging nuisance and trespass. Golden Poultry moved to dismiss the complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P. The trial court dismissed the case on August 17, 1998. Mitchell appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Mitchell argues that the trial court erred in dismissing the case based on the doctrine of res judicata or the statute of limitations.
*874 A dismissal is not entitled to a presumption of correctness on appeal. Nance v. Matthews, 622 So.2d 297 (Ala. 1993). If the complaint states a claim under which the plaintiff could prevail, under any cognizable theory of law, then the complaint should not be dismissed. Fontenot v. Bramlett, 470 So.2d 669 (Ala. 1985). A court should not consider matters outside the pleadings in deciding whether to grant a Rule 12(b)(6) motion. Briggs v. Woodfin, 395 So.2d 1024 (Ala.Civ.App. 1981).
Mitchell argues that the trial court erred in dismissing her complaint as barred by the doctrine of res judicata. Specifically, she argues that the trial court erred in taking judicial notice of a previous case. Golden Poultry argues that Mitchell’s claims are barred by Mitchell’s previous lawsuit against Golden Poultry, which, it contends, resulted in a judgment in favor of Golden Poultry. Golden Poultry contends that the parties and the claims in the two cases are identical.[1] In its motion to dismiss, Golden Poultry asked the trial court to take judicial notice of the previous case from Jefferson County and cited the case number.[2] Golden Poultry contends that the trial court properly took judicial notice of this case. Other than the case number reference, there is no evidence in this record regarding that previous case. None of the record from the previous case was reproduced and submitted to the trial court nor were any affidavits submitted. The record on appeal in this present case contains the complaint, the motion to dismiss, the parties’ briefs regarding this motion, and the trial court’s order.
Mitchell contends that the trial court improperly took judicial notice of the earlier case, citing Briggs v. Woodfin, supra. In Briggs v. Woodfin, supra, this court distinguished its earlier decision in Slepian v. Slepian, 355 So.2d 714 (Ala.Civ.App. 1977), as follows:
“In Slepian, this court held that a trial court could take judicial notice of proceedings pending in the same court where the defendant in a Rule 12(b)(6), [Ala. R. Civ. P.], motion to dismiss asserted the subject matter of the complaint and the prayer for recovery therein were embraced in motions pending in another civil action before the court. These circumstances are not present in the instant appeal. The prior proceedings alluded to in the defendant’s motion to dismiss in the instant appeal were not pending in the Circuit Court of Jefferson County. In fact, that lawsuit was concluded some time ago in Jefferson County and subsequently appealed to this court.”
Briggs, 395 So.2d at 1026.
Here, just as in Briggs, the prior case was not pending when the trial court took judicial notice of it. Indeed, the trial court had disposed of the prior case and it had been appealed to this court before this present case was even filed. Thus, according to Briggs, the trial court could not have taken judicial notice of the prior case. Because the trial court could not have taken judicial notice of the case, and because no evidence regarding the prior case was presented to the trial court, it was premature to dismiss the complaint on the ground of res judicata.
Mitchell also contends that the trial court could not have properly dismissed the case on the basis of the statute of limitations. A limitations defense may be properly raised in a Rule 12(b)(6) motion if the face of the complaint shows that the claim is barred. Cove Properties, Inc. v. Walter Trent Marina, Inc., 702 So.2d 472 (Ala.Civ.App. 1997). Mitchell’s complaint states that Golden Poultry began construction of the feed mill at issue in 1990. However, the trespass and nuisance claims are based on the odors, noise, and dust that the mill has emitted *875 since its construction. From the face of the complaint, we cannot discern the date on which the objectionable emissions began. Therefore, it would have been premature to dismiss the action on the basis of the statute of limitations.
For the foregoing reasons, we have no choice but to reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.

. Golden Poultry submits that three of the plaintiffs in this case (Mitchell and the Hubberts), who were also plaintiffs in the previous case, expressly did not join the nuisance count in the previous case. Golden Poultry contends that their nuisance claim is still barred by res judicata because it should have been made in the previous lawsuit.

. The circuit court number of the previous case in the Jefferson Circuit Court is CV-92-644. This court, on April 3, 1998, affirmed the judgment of that case, without opinion. Wicker v. Golden Poultry Co., (No. 2970311) — So.2d(Ala.Civ.App. 1998) (table).