This is a civil action upon an open account brought by Diners Club against Dr. Teng, whose written answer to the complaint was that the indebtedness was the responsibility of Optimal Data Corporation rather than his individual debt.
After a monetary judgment was rendered against him in the district court, Dr. Teng appealed to the circuit court where the trial jury rendered its verdict against him, finding the issues in favor of Diners Club for $3,205.19. The circuit court entered its judgment accordingly.
Dr. Teng appeals pro se. As we comprehend the issues which he raises, or attempts to raise, he complains that Optimal Data Corporation should have been named as the defendant rather than himself, that the plaintiff's attorney hated him and was so prejudiced against him that the attorney should have disqualified himself from representing Diners Club in this case and, lastly, that, while Dr. Teng was presenting his argument to the jury the plaintiff's attorney objected to his argument, and the trial court then erred in ordering Dr. Teng not to argue irrelevant facts as he would face contempt of court.
Except for written exhibits, the record on appeal contains none of the trial evidence, none of the argument before the jury and no trial rulings of the circuit court. No facts appear in the record which have any apparent relevancy to any of the issues raised except for a plaintiff's exhibit which purports to be Dr. Teng's personal application for a Diners Club charge card and charge account.
Dr. Teng states and argues facts in his brief which do not appear in the record. However, this court must look only to the record for the evidence and for the facts. Here, the record is silent as to any evidence or facts as to any issue raised. We cannot consider evidence or a factual assertion outside of the record which is contained solely in Dr. Teng's brief. Any errors committed *Page 630 
by the trial court must be affirmatively demonstrated by the record filed in this court, and, if it does not disclose the facts upon which an alleged error is based, we will not consider that issue. Green v. Standard Fire Insurance Companyof Alabama, 398 So.2d 671 (Ala. 1981); Liberty Loan Corporationv. Williams, 406 So.2d 988 (Ala.Civ.App. 1981); Daniels v. BonaFada Federated Club 1979-80 Members, 403 So.2d 255
(Ala.Civ.App. 1981); Wilger v. State Department of Pensions andSecurity, 390 So.2d 656 (Ala.Civ.App. 1980); Wilson v. CrosbyLumber Co., 386 So.2d 1173 (Ala.Civ.App. 1980); Harvey v. StateDepartment of Public Safety, 56 Ala. App. 660, 325 So.2d 170
(1976).
Since the record filed does not affirmatively demonstrate any of the alleged errors, factual or otherwise, none of the issues raised by Dr. Teng may be considered on appeal. We must affirm this case.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.