BRADLEY, Presiding Judge.
This is a divorce case.
James Sims and Bertha Sims were divorced by order of the court dated March 12, 1987. The court’s decree adopted an agreement between the parties which essentially provided as follows: The parties waived their rights to alimony; the wife was awarded custody of the minor daughter, and the husband was awarded visitation; the husband was ordered to pay child support and to maintain insurance on the child; the parties’ property was divided.
Following the court’s entry of judgment, husband moved for a rehearing pursuant to Rule 59, Alabama Rules of Civil Procedure, or in the alternative, for relief from judgment, pursuant to Rule 60(b), A.R.Civ.P. As grounds, husband averred that he was not the father of the child and that he never told his attorney that he was the child’s father. Further, husband stated he had not agreed to pay wife’s attorney’s fee.
Pursuant to these averments, husband asked that he be granted a hearing to present evidence establishing that the child was not his and that he be relieved of his child support obligations, as well as his obligation to pay the child’s extraordinary dental and medical expenses. Finally, he asked that wife be required to pay her own attorney’s fee.
The court then ordered blood tests for the husband, wife, and child.
Following the tests, the court amended nunc pro tunc its earlier order and deleted the custody and child support provisions. All other provisions were affirmed.
Husband then moved for rehearing, pursuant to Rule 59, a second time and requested a new trial on the ground that his first counsel advised husband he could not prevail on a claim of adultery, of which husband maintains he has substantial proof. He further asserted that due to the alleged adultery the court’s property division was inequitable.
The court denied the motion. Husband appeals, maintaining the court’s decision to amend its original judgment should have gone further and granted him a new trial.
Pursuant to our Rules of Appellate Procedure, all appeals from a court’s order or judgment must be filed within forty-two days of the order’s entry. A.R.A.P. 4(a)(1). The forty-two day limit may be tolled, however, by the filing of a Rule 59 post-judgment motion. A.R.A.P. 4(a)(3). It is not until the court grants or denies the postjudgment motion, or the motion is denied by operation of law, that the time for filing an appeal starts to run. A.R.A.P. 4(a)(3).
If an appeal to this court is untimely, then we do not have jurisdiction to entertain it. Allen v. Holmes, 439 So.2d 166 (Ala.Civ.App.1983). Consequently, we must consider, ex mero motu, whether we have jurisdiction. Burgess v. Burgess, 486 So.2d 1300 (Ala.Civ.App.1986).
In the case sub judice, we note the following pertinent dates:
March 12, 1987 — Original Divorce Judgment
March 20, 1987 — Rule 59 Motion to Amend Judgment
May 7, 1987 — Order setting hearing on Motion
June 16, 1987 — Consent of parties to keep Rule 59 Motion open
November 12,1987 — Amended Judgment Issued
*648 December 7, 1987 — Second Rule 59 Motion to Amend Judgment
December 12, 1987 — Second Rule 59 Motion Denied
January 22, 1987 — Notice of Appeal filed
In the instant case the husband filed a 59(e) motion on March 20, 1987 asking the court to alter, amend, or vacate the judgment on the ground that he was not the father of the child for which he had been ordered to pay support. The parties consented on June 16, 1987 to keep the motion open pursuant to 59.1. On November 12, 1987 the court granted the husband’s requested relief and changed the order to delete child support payments and the provision that the child was born of the marriage.
On December 7,1987 the husband filed a second 59 motion on the ground that his original attorney had misled him on trial tactics. All averments of the second motion relate to the original decree and do not allege an aggrievance based on the amended decree. This second motion was then denied.
The dispositive issue is whether husband's “motion to reconsider" the ruling on the original 59 motion suspends the running of the time for appeal. We hold it does not.
In Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983), our supreme court stated:
“It is clear, in the present case, that Plaintiffs’ motion to reconsider a ruling on a Rule 59 motion is not itself a post-judgment motion contemplated, by the rule. Otherwise stated, while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court’s reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal.... [A] motion to reconsider an order granting a post-trial motion does not suspend the running of the time for taking an appeal.”
Consequently, this appeal, being filed later than forty-two days from the court’s amended judgment, is untimely and beyond the court's jurisdiction to hear it.
Wife’s request for an attorney’s fee on appeal is granted in the amount of $400.
APPEAL DISMISSED.
HOLMES and INGRAM, JJ., concur.