John Bentley sued James Arthur Palmer, Jr., and James Arthur Palmer III (father and son), in the District Court of Lee County. That court entered a judgment in favor of Bentley and against the son, only. The son appealed the judgment to the Circuit Court of Lee County. That appeal was dismissed for his failure to appear at trial. He then appealed to this court.[1]
The scant record on appeal indicates that in both the district and circuit courts, Palmer made, and was granted, several requests for delay. On May 25, 1993, another request for delay of the trial was made in the circuit court, and that request was denied the same day. On June 7, 1993, the date set for trial, the trial court dismissed the appeal by an order stating:
 "When this case was called for trial, the father of Defendant appeared and advised the Court that the Defendant was in final examinations at Auburn University. The Court had previously refused to grant a motion for continuance in this case but had advised the Defendant's father that the Court would consider delaying the trial of this case for one day so that Defendant could complete his examination.
 "The Court directed the Defendant's father to locate the Defendant and report back to this Court by 10:00 a.m. as to the scheduling of the examinations. The Court further advised the Defendant's father that if he did not report back to this Court by that time, the appeal would be dismissed.
 "The Court has waited until 10:45 a.m. and has heard nothing from either the Defendant or his father. Accordingly, this appeal is dismissed, the case is remanded to the District Court for reinstatement of the judgment."
Palmer appeals pro se. He claims that the dismissal resulted from unfair, unjust, and discriminatory treatment by the circuit judge and the circuit clerk. He claims the circuit judge misled him and that the June 7, 1993, order was not an accurate reflection of the events that took place in the courtroom.
The record contains only pleadings and orders of the court; it does not contain a transcript of the proceedings. Evidence or assertions of fact contained in the briefs of the parties, but not included in the record presented on appeal, may not be considered by this court. Teng v. Diners Club, Inc.,424 So.2d 629 (Ala.Civ.App. 1982). The record must affirmatively demonstrate any errors committed by the trial court. Id.
Based on the circuit court's order and the limited record presented on appeal, this court cannot say that the circuit court acted unfairly or discriminated against Palmer. Therefore, the circuit court's judgment of dismissal is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.
[1] Although the notice of appeal to the circuit court and the notice of appeal to this court named both the father and the son as appellants, only the son had an unfavorable judgment to appeal from. The case has been styled to indicate that only the son is an appellant in this case.