This action was brought by two workers who were injured when a fuel tank exploded while they were cutting it for scrap. The plaintiffs sought damages, based on alleged fraudulent misrepresentations of material facts, a wanton failure to warn, a negligent failure to warn, and a negligent disposal of underground storage tanks. A jury returned a verdict in favor of the defendant, and the court entered a judgment accordingly.
Three issues are presented by this appeal: (1) whether the jury disregarded the court's instructions and engaged in "jury nullification" on the issue of whether the removal of underground storage tanks constituted a dangerous activity and imposed a non-delegable duty on the owners; (2) whether the trial court gave incorrect, misleading, and erroneous jury instructions; and (3) whether the trial court erred in failing to give certain jury instructions.
In December 1989, the defendant, Safety Coatings, Inc., contracted with Mike Hoffman Equipment Services, Inc. ("Hoffman Equipment"), for Hoffman Equipment to remove and replace five underground storage tanks located on the premises of Safety Coatings. Before Hoffman Equipment removed and transported the tanks, Safety Coatings removed as much of the contents as it could from the tanks. While the tanks were still in the ground, the vent pipes were labeled to identify the contents of the tanks, but the tanks were not labeled with any identification of the contents or with any warnings after they were removed from the ground. The tanks were checked with a measuring stick to determine if there were any residual liquids in them, and none was found. There was evidence that Safety Coatings knew that the *Page 929 
surface of some of the flammable contents of the tanks would harden if exposed to air and that if the hard film was broken, the vapors from the remaining contents would tend to escape. Safety Coatings, however, was not involved in any way in the excavation and the removal of the old tanks.
Hoffman Equipment removed the tanks on December 26, 1989, and transported them the next day from the Safety Coatings plant to a field on Carol Plantation Road in Theodore, Alabama. No Safety Coatings employees were present when the tanks were removed, because Safety Coatings was closed for the Christmas holidays. On February 23, 1990, Mike Hoffman, the majority stockholder in Hoffman Equipment, met with the plaintiffs, Willie Royal and James Richey, and told them that the tanks were clean and ready to be cut up and hauled away. Royal and Richey were in the scrap metal business together. They began cutting the tanks on February 26, 1990. That evening, one of the larger tanks that Willie Royal was cutting ignited and began to burn. The next day, Royal and Richey continued scrapping the tank that had caught fire the night before. After they had cut about halfway through the tank, the tank next to them exploded. No one had cut on the tank that exploded.
Royal and Richey sued Mike Hoffman, Hoffman Equipment, and Safety Coatings. Royal and Richey entered into a pro tanto settlement with Mike Hoffman and Hoffman Equipment, and the case proceeded to trial with Safety Coatings as the sole defendant. After the jury found for Safety Coatings and the court entered its judgment, the plaintiffs moved for a new trial; the trial court denied their motion.
 I.
Royal and Richey contend that the jury engaged in "jury nullification" by disregarding the trial court's instructions to it on whether the removal and disposal of the underground storage tanks constituted an inherently or intrinsically dangerous activity that would impose a nondelegable duty on the owners and operators of the tanks. Royal and Richey argue that the jury failed to follow this instruction and that its failure to follow it resulted in a verdict that is contrary to the law and that the trial court should have granted their motion for a new trial. The trial court instructed the jury as follows:
 "Generally a principal is not liable for the negligent acts of his independent contractor and, accordingly, Safety Coatings, Inc., would not be liable for any negligent acts of Mike Hoffman Equipment Service, Inc. However, if the work contracted to Hoffman Equipment Service, Inc., was an inherently or an intrinsically dangerous activity, Safety Coatings, Inc., would be liable for any negligence of Hoffman Equipment Service.
 "Accordingly, the first issue for you to determine insofar as the nondelegable duty, it would be, 'Has the plaintiff proven to your reasonable satisfaction by substantial evidence that the work entrusted to Hoffman Equipment Service, Inc., was inherently and intrinsically dangerous?'
 "An intrinsic danger in an undertaking is one which adheres in the performance of the contract as a result directly from the work to be done, not from the collateral negligence of the contractor.
 "An important factor to be understood and considered [is] the contemplated conditions under which the work is to be done and the normal circumstances attending it. If you are reasonably satisfied by substantial evidence that Safety Coatings, Inc., employed Hoffman Equipment Service to do work involving a special danger to others which Safety Coatings, Inc., knew or had reasons to know to be inherent in or normal to the work or which it contemplates, or had reason to contemplate when making a contract, is subject to liability and physical harm caused to others by the contractor's failure to take reasonable cautions against such dangers [sic].
 "If you're not reasonably satisfied from the evidence that the work in question was inherently or intrinsically dangerous, Safety Coatings, Inc., would not be liable for any of the acts of Hoffman Equipment Service.
 "If you are reasonably satisfied the work in question was inherently or intrinsically dangerous, the next issue for you would be *Page 930 
to consider the plea of contributory negligence."
Royal and Richey argue that the jury exhibited undue sympathy and prejudice toward Safety Coatings and ignored the federal and state regulations that they claim made Safety Coatings legally responsible for properly labelling and disposing of the tanks. They contend that the fact that during deliberations the jury sent to the court a written question asking, "Can we have Hoffman assessed any punitive damages?" is evidence that the jury found Mike Hoffman to be guilty of wantonness. The court answered that they could not. The plaintiffs argue that the jury's finding of wantonness by Hoffman is inconsistent with the verdict in favor of Safety Coatings, and, therefore, that the verdict could only be the result of prejudice.
A jury verdict carries a presumption of correctness, and this presumption is strengthened when the trial court denies a motion for a new trial. Northeast Alabama Regional Medical Ctr.v. Owens, 584 So.2d 1360, 1366 (Ala. 1991); Alfa Mut. Ins. Co.v. Northington, 561 So.2d 1041, 1048 (Ala. 1990). Thus, when reviewing the propriety of the denial of a motion for a new trial, we must review the entire evidence and indulge every reasonable inference in favor of the nonmoving party. NortheastAlabama Regional Medical Ctr., 584 So.2d at 1365. Viewing the evidence in the light most favorable to Safety Coatings, we hold that the jury could have reasonably determined from the evidence that Safety Coatings was not liable to the plaintiffs.
The jury could have found in favor of Safety Coatings on several grounds. The jury could have determined that the work in question was not inherently or intrinsically dangerous. If the jury so found, Safety Coatings would not be liable, because of the general rule that a principal is not liable for the acts of an independent contractor. Boroughs v. Joiner,337 So.2d 340, 342 (Ala. 1976). Even if we assume, as the plaintiffs contend, that Safety Coatings had a nondelegable duty to ensure the safe removal and disposal of the tanks because federal and state laws regulate the removal and disposal of underground tanks and because removing and disposing of tanks is an intrinsically or inherently dangerous activity, the jury could have found that the plaintiffs had been contributorily negligent. Finally, just because the jury asked a question of the court, it does not follow that the jury found that Mike Hoffman had acted wantonly. Mike Hoffman was not a defendant in this trial. Questions by the jury do not constitute findings. Therefore, we conclude that the plaintiffs have not shown that the verdict is palpably wrong or manifestly unjust; thus, they have not shown that they are entitled to a new trial.
 II.
Royal and Richey contend that the trial court committed reversible error by giving what they argue were three incorrect, misleading, and erroneous jury instructions. They first challenge Defendant's Requested Jury Charge No. 4, which stated:
 "Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of the injuries; injury must be a natural and probable consequence of the negligent act or omission which an ordinary prudent person ought reasonably to foresee would result in injury. If, between the alleged negligent act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken."
Royal and Richey object to the last sentence of this instruction, claiming that "intervening cause" or "unforeseeable event" had not been previously pleaded and had not been argued or mentioned by Safety Coatings in its opening argument or anywhere else. Royal and Richey contend that "intervening cause" is an affirmative defense that must be pleaded according to Rule 8(c), Ala.R.Civ.P. The plaintiffs' objection to this charge is completely without merit, because Safety Coatings had filed an amended answer on August 6, 1992, in which it specifically pleaded "intervening or superseding cause." *Page 931 
Royal and Richey also object to Defendant's Requested Jury Charge No. 29, which stated, "There is no duty to warn of the danger [of] which an individual is already aware." Royal and Richey admit that this statement is a correct statement of the law, but they argue that the instruction is contrary to the uncontroverted evidence that the tank owner had a duty imposed by federal and state law to label each tank in order to warn of the hazardous nature of the previous contents. The plaintiffs also contend that they presented testimony that they did not know what the tanks had previously contained.
We do not agree with the plaintiffs' contentions. The plaintiffs testified that Hoffman had told them that the tanks had contained petroleum products. James Richey testified that he knew the type of tanks bought from Hoffman contained gasoline and oil. Willie Royal testified that Hoffman had said, "They were service station tanks. They had gasoline in them and they had diesel fuel and motor oil." (R. 60.) Furthermore, Royal had witnessed a tank catch fire the night before the accident. Because the plaintiffs admit that the instruction was a correct statement of the law and because there was evidence from which the jury could infer that the plaintiffs were aware of the danger, we conclude that the trial court did not err in giving this instruction.
Royal and Richey also challenge the trial court's giving Defendant's Requested Jury Charge No. 31, which stated, "No particular form is necessary for a bill of sale. The writing may be in the form of a receipt acknowledging payment of the consideration for property therein described. The writing should also show an intent to transfer the property for valuable consideration." The plaintiffs contend that this instruction was erroneous and misleading, because they claim that no one presented evidence of a bill of sale or any other document purporting to transfer ownership of the tanks from Safety Coatings to Hoffman or Hoffman Equipment. Safety Coatings did introduce an invoice it had received from Hoffman Equipment related to work performed by Hoffman Equipment in December 1990, but the plaintiffs argue that there is no evidence of intent of Hoffman Equipment to purchase the tanks. The plaintiffs also argue that evidence was presented showing that federal and state regulations state that the bill of sale for a used underground storage tank "should include the purchaser's acknowledgment that he assumes all liability related to the tank." They cite American Petroleum InstituteRecommended Practice 1604, § 6.2.
The plaintiffs do not challenge this instruction as an incorrect statement of the law. Whether the invoice from Hoffman Equipment constituted a bill of sale was a question for the jury to resolve. Even if Safety Coatings and Hoffman Equipment did not comply with certain practices or regulations, it would not necessarily follow that the invoice was not a bill of sale evidencing a transfer of ownership. Therefore, the trial court did not err in giving this instruction to the jury.
 III.
Royal and Richey contend that the trial court committed reversible error by refusing to give two of their requested jury instructions. Also, during its deliberations the jury asked for a written definition of contributory negligence; the plaintiffs argue that the court erred by denying their request to give the "long form" instruction on contributory negligence that it had given in its oral charge.
The plaintiffs contend that the trial court should have given Plaintiffs' Requested Jury Charge No. 2, which stated:
 "According to Alabama Law, there are two types of duties imposed upon an employer which cannot be delegated to someone else. They are duties imposed by a contract between the parties or duties imposed by law. When one of these duties is imposed, the employer is liable for its negligent or non-performance, even though he employs an independent contractor to do the work."
They also contend that the trial court should have given Plaintiffs' Requested Jury Charge No. 8, which stated:
 "One is not ordinarily responsible for the negligent acts of his independent contractor. *Page 932 
But this rule, as most others, has important exceptions. One is that a person is responsible for the manner of the performance of his nondelegable duties, though done by an independent contractor, and therefore, that one who by his contractor by law is due certain obligations to another cannot divest himself of liability for a negligent performance by reason of the employment of such contractor."
We do not address whether it was error to refuse these two instructions, because the issue has not been preserved. Rule 51, Ala.R.Civ.P., states:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
The plaintiffs did not object to the refusal of Plaintiffs' Requested Jury Charge No. 2 or to the refusal of Plaintiffs' Requested Jury Charge No. 8. Therefore, they cannot now complain that the court refused those instructions.
Royal and Richey also argue that the trial court gave an incomplete and misleading answer to the jury's request regarding contributory negligence. In its oral charge, the trial court stated:
 "Contributory negligence is negligence on the part of the plaintiff that proximately contributed to the alleged injuries and damages. The defendant's answer raising contributory negligence is an affirmative defense. Therefore, the burden is on the defendant to prove to you by substantial evidence . . . the truth of all the material allegations of this plea. If the defendant has proven by substantial evidence that the plaintiff was guilty of contributory negligence which proximately contributed to his injuries and damages, the plaintiff cannot recover for any initial simple negligence of the defendant. . . . The three essential elements of contributory negligence in cases of this kind are the party charged with contributory negligence had knowledge of the existence of the dangerous condition, and with appreciation of such danger failed to exercise reasonable care for his own safety by putting himself in the way of such known danger."
Although the request does not appear in the record, the plaintiffs contend that, during its deliberations, the jury requested the court to give the jury a copy of its charge on contributory negligence. The plaintiffs say that, based on the jury's request, they asked the court to give the "long form" of the contributory negligence instruction that it had given in its oral charge, at least consisting of the first and last sentences of the above-quoted instruction. The plaintiffs contend that the court gave only a "short form" contributory negligence instruction, one consisting of only the first sentence of the above-quoted instruction. The plaintiffs argue that this answer was incomplete and "confused the jury by implying that there were no elements to a finding of contributory negligence."
Because this alleged error does not appear in the record, we cannot consider it on appeal.
 "We cannot consider evidence or a factual assertion outside of the record which is contained solely in [the appellant's] brief. Any errors committed by the trial court must be affirmatively demonstrated by the record filed in this court, and, if it does not disclose the facts upon which an alleged error is based, we will not consider that issue."
Teng v. Diners Club, Inc., 424 So.2d 629, 629-30
(Ala.Civ.App. 1982). Therefore, this issue is not properly before us.
We have reviewed the remaining issues raised on appeal and find no merit in them. The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.
ALMON and SHORES, JJ., concur in the result. *Page 933