MONROE, Judge.
Medical Center East, Inc., (MCE) sued Allstate Insurance Company to recover what it claimed it was owed under a statutory hospital hen. Allstate filed a third-party complaint against Lillie Mae Beard, who had incurred the hospital bill at issue, claiming that in the event Allstate was hable to MCE, then Beard would be hable to Allstate.
The trial court entered a summary judgment in favor of MCE against Allstate, and in favor of Allstate against Beard, for $3,156.16. Beard paid the amount owed into the court, and Allstate satisfied the judgment against Beard. Afterward, the trial court modified the summary judgment. The modified summary judgment was entered in favor of MCE against Allstate and in favor of Allstate against Beard as to liability, but the court reserved the issue of the amount of damages for trial. After an ore tenus hearing, the trial court awarded $4,992.56 to MCE against Allstate, and the same amount to Allstate against Beard. The order awarding damages was issued on July 21, 1995.
On August 21, MCE filed a post-trial motion to “reconsider, alter or amend” the judgment on the ground that the award of damages was inadequate. On September 25, 1995, the trial court denied the motion, but did tax costs of $617.15 against Allstate.
On October 12, 1995, MCE filed a second post-trial motion to correct and to make the court’s order of July 21 final pursuant to Rule 54(b), Ala.R.Civ.P. On October 25, the trial court issued another order correcting a clerical mistake in the July 21 judgment and making that judgment final pursuant to Rule 54(b). On December 5, 1995, MCE filed its notice of appeal.
Allstate contends that MCE’s appeal is untimely, and therefore, it says, the appeal should be dismissed. Allstate argues that the appeal time began running on September 25, when the trial court denied the first post-trial motion because, it says, a second post-trial motion generally does not toll the running of the appeal time. Allstate also says that the Rule 54(b) certification was inapplicable because all of the claims against all of the parties had been disposed of by the July 21 judgment.
We agree with Allstate that MCE’s second post-trial motion did not toll the running of the appeal time in this case. The Alabama Supreme Court has stated:
“It is clear, in the present case, that Plaintiffs motion to reconsider a ruling on a Rule 59 motion is not itself a post-judgment motion contemplated by the rule. Otherwise stated, while a Rule 59 motion tolls the time for taking an appeal, a subsequent request, by whatever label, seeking the trial court’s reconsideration of its ruling on the former Rule 59 motion, does not operate to further toll the time for the appeal.”
*1220 Sunshine Homes, Inc. v. Newton, 443 So.2d 921, 923 (Ala.1983); see also, Wilger v. Department of Pensions & Security, 343 So.2d 529 (Ala.Civ.App.l977)r and Sims v. Sims, 532 So.2d 646 (Ala.Civ.App.1988). MCE’s second post-trial motion requested the trial court to correct a clerical error, ensure that certain evidence was stricken from the record, and certify the judgment as final under Rule 54(b). The motion did not toll the running of the appeal time; therefore, the appeal time began running from September 25, when the trial court denied MCE’s motion to reconsider the judgment.
MCE argues that it has a claim pending against Beard and, therefore, could not appeal from the judgment until the trial court certified the judgment as final pursuant to Rule 54(b). The hospital says that Beard filed a cross-claim against it alleging malpractice, and, “as a defensive measure to the charge of malpractice ... [MCE] filed counterclaim against her on an open account.” MCE contends that this counterclaim has not been disposed of, so the Rule 54(b) language it requested of the trial court was required to make the July 21 judgment final and appeal-able.
None of the pleadings or court orders MCE relies on in its response to Allstate’s motion to dismiss this appeal is included in the record on appeal. Instead, those pleadings and court orders, including Beard’s cross-claim, MCE’s subsequent counterclaim, and the trial court’s summary judgment in favor of MCE on Beard’s cross-claim, were attached to the response as exhibits. Furthermore, the case action summary sheet does not reflect that MCE filed a counterclaim against Beard. “Evidence or assertions of fact contained in the briefs of the parties, but not included in the record presented on appeal, may not be considered by this court.” Palmer v. Bentley, 634 So.2d 559 (Ala.Civ.App.1994). “The record must affirmatively demonstrate any errors committed by the trial court.” Id.
Even if we were to consider the counterclaim, we agree with Allstate that ah claims in this case have been disposed of. As pointed out above, on June 14,1995, the trial court entered a summary judgment in favor of MCE on Beard’s eross-rdaim. The counterclaim, which MCE says was filed as a defensive measure, sought to recover the balance due on Beard’s account. In its judgment of July 21, 1995, the trial court determined that Allstate was hable to MCE for charges incurred by Beard, and that, in turn, Beard was hable to Allstate. We find, therefore, that there are no claims pending in this case.
The appeal time began running on September 25,1995, and MCE had 42 days in which to file its notice of appeal. However, the notice was not filed until December 5, 1995, 71 days later. MCE’s notice of appeal was untimely, and, therefore, this court does not have jurisdiction to hear it. Sims v. Sims, 532 So.2d 646 (Ala.Civ.App.1988). The appeal is dismissed.
APPEAL DISMISSED.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in the result.