On Application for Rehearing
MOORE, Judge.
This court’s opinion issued on Noyember 10, 2016, is withdrawn, and the following is substituted therefor.
Atheer Wireless, LLC (“Atheer”), appeals from a judgment entered -by the Montgomery Circuit Court granting a motion for a summary judgment filed by the State Department of Revenue (“.the Department’^ and denying Atheer’s motion- to amend the complaint. We affirm , the summary judgment and dismiss the appeal insofar as it relates to the motion to amend the complaint.
Procedural History
On August 21, 2013, the Department sent Atheer a final assessment of sales tax, notifying Atheer that it owed $60,028.68 in taxes, plus $4,391.11 in interest, for the prepaid wireless services it had sold during the period occurring from September 1, 2009, through August 31, 2012. At the time of the notice and during the period of the assessment, Ala. Code 1975, § 40-23-1(a)(13), provided:
“Prepaid Telephone Calling Card. A sale of a prepaid telephone calling card or a prepaid authorization number, or both, shall be deemed the sale of tangible personal property subject to the tax imposed on the sale of tangible personal property pursuant to this chapter.”
On August 26, 2013, Atheer filed with the Department’s Administrative Law Division its notice of appeal from the final assessment, arguing that prepaid wireless services were not subject to sales tax under § 40-23-1(a)(13), and that appeal was ultimately heard by the recently created Alabama Tax Tribunal, see Ala. Code 1975, § 40-2B-2(a) (creating the tax tribunal to “to resolve disputes between the Department ... and taxpayers”).[1] On September 30, 2013, the Department filed an answer to the appeal.
On October 3, 2013, the appeal was held in abeyance pending a decision in a case that involved a similar issue, Beauty & More, Inc. v. State of Alabama, Docket No. S. 12-236, Montgomery Circuit Court Case No. CV-13-901682. On August 27, 2014, the Department filed an amended answer and a motion to set the case for a hearing. The Department asserted that the legislature had passed Act No. 2014-336, Ala. Acts 2014 (“the 2014 Act”), effective July 1, 2014, amending § 40-23-1(a)(13) by clarifying that sales of prepaid wireless *466 services are subject to sales tax. Specifically, § 40-23-1(a)(13) was amended to provide:
“Prepaid Telephone Calling Card. A sale of a prepaid telephone calling card or a prepaid authorization number, or both, shall be deemed the sale of tangible personal property subject to the tax imposed on the sale of tangible personal property pursuant to this chapter. For purposes of this subdivision, the sale of prepaid wireless service that is evidenced by a physical card constitutes the sale of a prepaid telephone calling card, and the sale of prepaid wireless service that is not evidenced by a physical card constitutes the sale- of a prepaid authorization number.” -
Additionally, pursuant to the 2014 Act, Ala. Code 1975, 40—23—1(a)(14), was added; that subsection provides:
“Prepaid Wireless Service. The right to use mobile telecommunications service, which must be paid for in advance and that is sold in predetermined units or dollars of which the number declines with use in a known amount, and which may include rights to use non-telecommunications services or to download digital products or digital content. For 'purposes of this subdivision, mobile telecommunications service has the meaning ascribed by Section 40-21-120[, Ala. Code 1975].”
In response to the Department’s amended answer and motipn to set the matter for. a hearing, Atheer asserted that the 2014 Act was unconstitutional.
After a hearing, the tax tribunal entered an order on June 5, 2015, finding that “[the] Department [had] correctly assessed [Atheer] pursuant to § 40-23-1(a)(13), as amended by [the 2014 Act].” The tax tribunal also noted that it was without jurisdiction to consider Atheer’s constitutional challenges and that those challenges could be made in an appeal to the circuit court.
On June 26, 2015, Atheer filed in the circuit court an appeal from the tax tribunal’s order, alleging that the Department had “improperly and erroneously assessed sales taxes in-excess of $60,000 against Atheer for the period of September 2009 through August 2012 ,.. based on Atheer’s gross proceeds from the sale of prepaid wireless cellular services during the period in issue.” Atheer specifically argued that the 2014 Act was unconstitutional.
On August 26, 2015, Atheer moved for a summary judgment. On October 23, 2015, the Department filed á motion for a summary judgment. The circuit court conducted a hearing on the competing motions on October 27, 2015. By an order entered on November 17, 2015, the circuit court denied Atheer’s motion but did not rule on the Department’s motion. On February 29, 2016, the Department filed a second motion for a summary judgment, along with a brief and evidentiary materials in support thereof. Oh March 9, 2016, Atheer -responded to the Department’s second summary-judgment motion. In support of its response, Atheer submitted the affidavit of Cynthia Underwood, who “served as Assistant Commissioner of Revenue during the years 2001 through 2012.” In her affidavit, Underwood attested,' among other things, that, during her tenure, “the Department had not previously construed the sales of the prepaid cellular minutes as being subject to Alabama’s sales taxes.”
On March 17, 2016, Atheer, based on the content of Underwood’s affidavit, filed a motion for leave to amend its complaint to assert a violation of the Alabama Administrative Procedure Act (“the AAPA”), § 40-22-1 et seq., Ala. Code 1975. On March 23, 2016, the circuit court entered a judgment granting the Department’s summary-judg *467 ment motion and denying Atheer’s motion to amend its complaint. On March 29,2016, the circuit court entered an order stating that the motion to amend the complaint was “dismissed as moot.” On April 29, 2016, Atheer filed its notice of appeal to this court.
Discussion '
L
On appeal, Atheer argues that the circuit court erred in entering a summary judgment in favor of the Department. In its final order, the tax tribunal determined that the Department had property assessed the sales taxes against Atheer under the 2014 Act. Atheer raised " various constitutional challenges to the 2014 Act, but the tax tribunal determined that it did not have jurisdiction to rule on those issues. In its appeal to the circuit court, Atheer asserted that the 2014 Act is unconstitutional based on six different grounds. The Department initially moved for a summary judgment, asserting that the circuit court lacked jurisdiction to consider the appeal because Atheer had failed to serve the attorney general with notice of the appeal challenging the constitutionality of the 2014 Act, as required by Ala. Code 1975, § 6-6-227. The Department further contended that the 2014 Act was not unconstitutional as alleged by Atheer, an argument it reiterated more thoroughly in its second motion for a summary judgment. The circuit court entered a summary judgment in favor of the Department without specifying its reasons.
On original submission, this court concluded that because Atheer had failed to discuss the Department’s contention that Atheer had failed to comply with § 6-6-227, it had waived any argument as, to that ground and, therefore, that it was unnecessary for this court to address Atheer’s other arguments directed to the summary judgment. On application for rehearing, Atheer asserts that the circuit court had resolved that issue during the October 27, 2015, hearing on the Department’s first summary-judgment motion. In that hearing, counsel for Atheer stated that he had served a copy of the notice of appeal on the attorney general’s office and that “somebody in the Attorney General’s office signed for it, and I got a receipt,” which counsel displayed to the circuit court. Counsel for Atheer also cited Morgan County Department of Human Resources v. B.W.J., 723 So.2d 689 (Ala. Civ. App. 1998), for the proposition that Atheer had complied with § 6-6-227 by serving the assistant' attorneys general representing the Department. The following colloquy then occurred:
“[Counsel for the Department]: And that’s fíne, Your Honor. That’s fine.
“[Counsel for Atheer]: Okay.
“[Circuit court]: All right. Let’s move on to I guess your other argument.”
Atheer maintains that the foregoing colloquy establishes that the circuit court disposed of the jurisdictional matter in its favor and that, therefore, it did not have to address the issue in its principal appellate brief. However, at the close of the hearing, the circuit court stated: “All right, guys. I’ll look at what you filed. I’ve heard your arguments. I’ll get you an order out.” (Emphasis added.) The record shows that the circuit court did not issue any order denying any aspect of the Department’s first summary-judgment motion. See Rule 58(a), Ala. R. Civ. P. (governing rendition of orders). Atheer has not provided this court with a record supporting its factual assertion that the circuit court resolved the issue regarding service on the attorney general in its- favor. See generally Teng v. Diners Club, Inc., 424 So.2d 629, 629 (Ala. Civ. App. 1982) (holding that appellate court can consider only those factual assertions supported by the record).
*468 According to the record, - the Department’s first summary-judgment motion remained pending at the time the Department filed its second summary-judgment motion. Atheer does not argue that the Department, by filing a second summary-judgment motion, amended or withdrew its first summary-judgment motion, so that argument, is waived. See Rule 28(a)(10), Ala. R. App. P. Instead, Atheer, in its application for rehearing, argues that the circuit court adjudicated only the second summary-judgment motion filed by the Department. The judgment states, in pertinent part: “The Court having considered the Motion for Summary Judgment filed by the [Department], the argument of the parties on March 23, 2016, and the numerous filings, it is hereby ORDERED that the said Motion is due to be and is hereby GRANTED.” .(Capitalization and bold typeface in original.) In its application for rehearing, Atheer notes that the judgment refers to only “the [m]otion” and not to “ ‘[m]otions,’ in the plural,” inferring from that language that the circuit court intended to grant only one of the summary-judgment motions filed by the Department, i.e., the second one. However, At-heer ignores that the circuit court expressly considered “the numerous filings” in the case, which would include the first summary-judgment motion filed by the Department, in entering a summary judgment in favor of the Department. Atheer has not clearly demonstrated that the circuit court based its judgment solely on the second summary-judgment motion. See Teng, supra.
When a trial court enters a summary - judgment without • specifying the bases for its ruling, the appellant must set forth an argument in its principal brief as to the invalidity of each and every ground asserted in the motion, or motions, for a summary judgment; if not, the appellant waives any argument as to the omitted ground, resulting in the automatic affirmance of the summary judgment. See Fogarty v. Southworth, 953 So.2d 1225, 1232 (Ala. 2006). In its application for rehearing, Atheer argues, for the first time, that it complied with § 6-6-227 by serving the assistant attorneys general representing the Department. See Ala. Code 1975, § 40-2-64 (providing that any legal counsel appointed by the commissioner of revenue with the approval of the attorney general shall be “commissioned as an Assistant Attorney General”), and Bowdoin v. State, 884 So.2d 865, 867 (Ala. Civ. App. 2003) (holding that notice of constitutional challenge to commissioned assistant attorney general satisfies § 6-6-227). However, this court cannot consider an argument raised for the first time in an application for rehearing. Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala. 2002). Thus, we do not decide whether the Department was entitled to a summary jhdgmeht on this ground. We hold only that Atheer waived the issue by failing to assert it in its original brief, resulting in an automatic affirmance of the summary judgment.
IL
On March 17, 2016, Atheer moved the circuit court to grant it leave to amend its complaint to add a claim asserting that, before the' passage of the 2014 Act, the Department, without first complying with the public-notice provisions of Ala. Code 1975, §§ 41-22-4 and 41-22-5, which are part- of the AAPA, had adopted an interpretation of § 40-23-1(a)(13) treating the sale of prepaid cellular-wireless-telephone minutes like those sold by Atheer as taxable transactions. The circuit court originally denied the motion to amend the complaint without explanation, but it subsequently entered an order indicating that the motion was moot. Atheer *469 argues that the circuit court erred in denying its motion to amend the complaint. Based on our affirmance of the summary judgment, we do not address this argument.
The Department requested that the circuit court find that “the 2014 Act is constitutional in all respects” and-that “Atheer’s assessment for sales tax is due to "be upheld on appeal.” The circuit court entered a summary judgment in favor of the-Department, thereby concluding that ¿he Department had properly assessed the sales tax under the 2014 Act despite Atheer’s constitutional objections. See Rule 58(b), Ala. R. Civ. P. (providing that a written order or judgment suffices if it “indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication”). We have affirmed that judgment. Atheer cannot obtain relief by proving that the Department could not have assessed Atheer under its allegedly unlawful or unauthorized interpretation of the previous version of § 40-23-1(a)(13). The assessment would still stand under the 2014 Act.
This court will not decide an issue after a decision on this issue has become useless or moot. Arrington v. State ex rel. Parsons, 422 So.2d 759, 760 (Ala. 1982). The question whether the circuit court should have - allowed the amended complaint no longer matters. Moreover, any error the circuit court might have committed would be harmless in light of the fact that the we have affirmed the summary judgment. See Rule 45, Ala. R. App. P. Therefore, we dismiss that' part of the appeal relating to the motion to amend the complaint.
APPLICATION GRANTED; OPINION OF NOVEMBER 10, 2016, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED IN PART; AFFIRMED.
Thompson, P.J., and Pittman and Donaldson, JJ., concur.
Thomas, J., concurs in the result, without writing.

. Pursuant to Ala. Code 1975, § 40-2B-3, "all administrative proceedings commenced prior to October 1, 2014, that ha[d] not beferr the subject of a final and irrevocable administrative action as of October 1, 2014," were transferred from the Department’s Administrative Law Division to the tax tribunal for the remainder of the proceeding, and the statutes applicable to the tax tribunal are applicable to those transferred proceedings.